IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PALMER HAXANS-WALDELL, | ) | |
| ID # 18051523, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:20-CV-1239-K-BH |
| | ) | |
| DALLAS COUNTY JAIL, | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Before the Court is the plaintiff's motion to reopen this closed case, received on August 20, 2020 (doc. 8).  Based on the relevant filings, evidence, and applicable law, the motion should be **DENIED**.

### I.  BACKGROUND

On May 7, 2020, a *Motion to Petition for Redress of Grievance Under the 1st Amendment of the Constitution to Release or Give Better Conditions* signed by nineteen prisoner-plaintiffs housed in the Dallas County Jail was received.  (*See* doc. 3.)  Because the plaintiffs appeared to challenge the conditions of their confinement and to allege denial of access to the courts, their claims were liberally construed as a civil rights action under 42 U.S.C. § 1983 and severed into separate cases for each plaintiff.[2]  (*See id.*)  By order dated May 12, 2020, each plaintiff was ordered to file an amended complaint on the proper form and to pay the full filing fee or file a motion for leave to

---

[1]  By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2]  Courts in this district have found that "the impracticalities and inherent difficulties of allowing [multiple *pro se* prisoner plaintiffs] to proceed jointly necessitate a severance of each [p]laintiff's claims." *Beaird v. Lappin*, No. 3:06-CV-0967-L, 2006 WL 2051034, at *4 (N.D. Tex. July 24, 2006); *Oliver v. Trial Court Judges*, No. 3:15-cv-2962-P-BN, 2015 WL 6438477, at *2 (Sept. 15, 2015)."These impracticalities include, without limitation, inmate transfers, security, the need for each individual [p]laintiff to represent himself with regard to his claims, the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated, the possibilities of coercion by prisoners, or that prisoners may seek to compel prison authorities to permit them to gather to discuss joint litigation." *See id.*  The court found that these impracticalities appeared to apply, given the likelihood that the factual grounds for each plaintiff's claims, and especially their denial of access to the courts claims, would differ.

proceed *in forma pauperis* (IFP) within thirty days. (*See* doc. 4.) The plaintiff failed to respond to the order. On July 6, 2020, it was recommended that this action be dismissed for failure to prosecutor or follow orders of the court. (doc. 5). The recommendation was accepted, and judgment was entered on July 31, 2020. (docs. 6, 7).

The plaintiff's motion to reopen states that he was sent to the hospital for emergency surgery on July 20, 2020, and that he remained there until July 31, 2020. (*See* doc. 8.) He contends that he received "the letter stating the above case would be dismissed" on August 3, 2020, and that because he was in the medical side of the jail, he did not have access to pen and paper in order to respond until August 12, 2020. (*Id.*)

## II. RULE 59(e)

The plaintiff's motion to reopen was filed less than 28 days after the entry of the judgment. "When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010). Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Because it was filed within 28 days, the plaintiff's motion is properly considered under Rule 59(e). *See McGrew v. McQueen*, 415 F. App'x 592, 594-95 (5th Cir. 2011) (liberally construing pro se motion to reopen case that had been filed within twenty-eight days of dismissal as arising under Rule 59(e)).

To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource*

*Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly."  *Id.* at 479, 483.  When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts."  *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

        The plaintiff does not identify an intervening change in controlling law, the availability of new evidence not previously available, or a manifest error of law or fact in relation to the dismissal of this case.  He instead contends that he was not able to respond to "the letter stating the above case would be dismissed", which he received on August 3, 2020, until August 12, 2020.  Notably, the plaintiff's lawsuit was filed by another prisoner, and the plaintiff's deadline to file an amended complaint and either pay the filing fee or file a motion for leave to proceed IFP to show that he intended to pursue his own lawsuit had expired *more than a month before he was hospitalized on July 20, 2020*.  His motion does not explain his prior failure to comply with the May 12, 2020 order by filing an amended complaint and addressing the fee.  *See A.T. ex rel. Givens v. Leflore County School Dist.*, No. 4:09-CV-128-SA-DAS, 2010 WL 1924436, at *2 (N.D. Miss. May 11,2010) (noting that the plaintiff missed her first deadline for response to a motion to dismiss before her counsel was hospitalized, and that she had not offered any explanation for her failure to respond or seek an extension before her counsel was hospitalized, in denying Rule 59(e) motion).  The motion does not state that he intended to pursue his own lawsuit by filing his own complaint.  Moreover,

his lawsuit was dismissed without prejudice, so the plaintiff may still pursue his claims by filing a

civil rights complaint and either paying the filing fee or filing a motion for leave to proceed *in forma*

*pauperis*.  Rather than reopen this closed case and again order the plaintiff to file an amended

complaint and either pay the filing fee or file an IFP motion, waiting to see if he complies with the

order, and possibly having to dismiss the case anew if he again fails to comply, the Court should

conserve scarce judicial resources and exercise its discretion to deny the Rule 59(e) motion without

prejudice to the plaintiff pursuing his claims in a new case by filing a civil rights complaint and

either paying the full filing fee or filing an IFP motion, of his own volition, and on his own

timetable.

### III. RECOMMENDATION

The plaintiff's motion to reopen his case should be **DENIED** without prejudice to filing a

new civil rights action.  The Clerk of the Court should be directed to again mail the plaintiff a copy

of the original complaint submitted in this case, a copy of the standard form for filing a complaint

under 42 U.S.C. § 1983, and a form application to proceed *in forma pauperis*.

**SO RECOMMENDED** on this 24th day of August, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5